All right, miss Hoffman good morning. You're right. We're glad to hear from you. Thank you May it please the court Megan Hoffman on behalf of mr. Minton This case presents a recurring issue before courts across the country How can the criminal justice system ensure that a temporarily incompetent defendants rights are protected? Here, mr. Mittens. Mr. Minton languished in BOP competency vortex for 651 days He challenges only a hundred and fifty one of those days all of which were accrued during transportation delays as improperly told under the act Mr. Mittens interpretation of the speedy trial act is consistent with principles of statutory interpretation Because it gives effect to each clause It reads the statute as a harmonious whole and it furthers the acts purpose of minimizing delays in the criminal justice system By contrast the government's interpretation places the statute of provisions in conflict with one another and It rubber stamps the type of extraordinary delay that we see not only in this case But in so many other cases across this court and recently in the country and as this court has known in multiple cases before this court This probably can I ask you a couple of just framing questions that I think I know the answer to but I just want to sort Of confirm. Yes one. You do not challenge the rulings on the 22. Sorry the 42 41 arguments, right? So because so there's sort of I take your point about delays. I've been in a bunch of these cases about 42 41 delays there's the speedy trial act and then there's the Statute that contains 42 41 and you're not making a 42 41 type argument your honor We we recognize that we filed a motion separately and apart from that We those in those issues are intertwined Sure But I'm just saying to the extent they are not challenging the ruling on that particular and then of course second the speedy trial act Implements a constitutional command as well and there's not a freestanding Constitutional argument in this particular case your honor. It was not raised below and so we opted to go forward on the issue That was presented. Okay, and then I think my last framing question just because it helps me. So there's two periods we're talking about here There's the I'll call it the hundred plus there may be a little bit of dismay about how exactly how long but there's 100 plus Period and there's the 22 period Is the 22 period of any actual legal significance in this case because my understanding is if you win the hundred plus argument You win and if you lose the hundred plus argument you lose Which means that the resolution of the 22-day period has literally no possibility of affecting the outcome of this case your honor We would agree with that I think the reason what we raised it for two reasons one is just for the simply the fact of the matter is that the Transportation delays are what caused both of those delays and so in giving, you know Firm framing to the different effects of cause of the statute and we also however would urge this court This is something that is consistent in that it happens regularly But it just seems like it would be I mean, maybe not dicta and the strongest possible sense But it seems like it would be if literally our resolution of that question has no possibility of affecting the outcome of this appeal It's not clear to me why we would reach a question that has no possibility Simply the the fact that the lower courts aren't sure what to do with this because as you pointed out early There is the interplay with 42 41 and you know where these delays typically occur But we agree that you don't have to reach that issue No matter how you resolve that 129 day delay on that 22 day and maybe Move out Did as I recall the district court resolved that issue, you know both on the h1d and in the h1a Did you argue both of those issues are In your in your brief, you know, I believe that we did I think the issue that we discussed in the district court in framing his ruling Look to h1d and as an alternative h1a, right? I think here what we did you do h1a? Did you argue that we did your honor? And we argued that I mean h1a here applies to the actual time in which mr. Minton was in the actual examination And so we believe that this falls within our framework of how to read the statute that the transportation delay falls under the 29 days and that the H1a only covers the time in which he was under examination and your honor That is actually what Tinklenburg the United States Supreme Court case Assumed without deciding in Tinklenburg there was there were these pretrial motions and the court assumed That in actually deciding that the district court had made in your own your calculation is that the transportation delay in subsection Has to apply independently 1a 1d or Before H4 correct your honor I think that in as I was saying in Tinklenburg the United States Supreme Court Because there's Sixth Circuit and in the United States Supreme Court in that particular case the this the United States Supreme Court Applied h1f the transportation delay in the context of h1a Where the defendant was actually transported for examination and the court in it You know in its ruling didn't say yes h1f applies But it did it by implicit holding in finding that the district court had made an error in excluding weekends and week And you know holidays Is that exactly right? I guess I interpreted the court in that case as Confronting a provision that has an ambiguous term like it. I believe it's a reasonable time, right? We have a statute that says Reasonable and the courts like well now we figure out what reasonable is and there's another provision the same statute that has a time limit And so in interpreting reasonable, maybe it makes sense to rely on the time limit in another part of this I think that's not necessarily the same thing as saying that provision applies for its own force It seems more like we're gonna borrow this other provision of the statute to understand this provision of the statute Why is that wrong? Your honor and perhaps we have a different reading of Tinklenburg But as I read I mean Tinklenburg what it actually addressed is you know that the cause would actually you know I think in Tinklenburg there were pretrial motions that were before the court and the actual ultimate holding of Tinklenburg was that something doesn't actually have to cause a delay in order to fall under The Speedy Trial Act. So can I ask do you I guess they realize there's one more framing question for me Dude, you don't I believe dispute that. Mr. Minton was actually Incompetent between June of 2020 and September of 2021, right? We do not your honor. Okay, so Maybe this is an overly simplistic way, but I want to just tell you what so you agree That it is literally unconstitutional to try someone who's mentally incompetent. That would be a constitutional violation Okay so I mean if you just take a step back and think about the Speedy Trial Act for a moment it says basically The government should try people as soon as they reasonably can and we establish a presumption for how much time they should have to do that And if they don't have a good reason they can't go beyond that reason Well, it strikes me as it's a pretty good reason that during the entire period He was mentally incompetent like kind of the Speedy Trial Act question. It seems to be every time a court dismissed under the Speedy Trial Act They're implicitly saying to the government. Why didn't you do this sooner? And it strikes me that it's a pretty compelling argument to say because it would have been literally Unconstitutional to prosecute him during that time period So that's why the argument I'm sure you see where this is going That's why the argument just says on for any period where the defendant is incompetent is just categorically excluded from the Speedy Trial Act Because for those who care about because because it would be unconstitutional to prosecute the defendant during that time Why isn't that a perfectly sensible reading the statute your honor? I think that we absolutely agree that a defendant cannot be tribal incompetent. I think the and and I think in our Concessions here that it that the Speedy Trial Act does in fact apply during the periods of time in which mr Minton is being examined, but it doesn't matter if he's being examined or not If he's mentally incompetent, he's mentally competent doesn't matter where he is you can't prosecute him during that time. I agree, your honor But I think the difference here is that the Congress envisioned that these types of delays were going to happen I mean the practical matter is when these types of transportation delays happen in the criminal context Which is where the Speedy Act, you know Speed Trial Act applies It's almost you know, I can't say always but it is often in the competency context and in this particular Instance it makes sense like Congress in fact considered the fact Those delays are caused by all sorts of things There's shortages and manpower with the marshal service Their lack of other suitable facilities. It doesn't have to be just a mental incompetence question or an evaluation for mental Competency there are a lot of reasons that they have delays So, I don't know that that really helps you so much it seems like to me your whole argument centers on the premise that the transportation delay section F in effect preempts all the other Explanations of permitted delay, you know, I would just agree with the character the characterization of preempts That when we're talking here about competency, it's why we aren't Disputing more than you know we're only disputing a hundred and fifty days of the six hundred and fifty one days and the reason for that is because if you Know but for the transportation delays, we know that mr. Mitten could be restored to competency. That is a fact He was in fact restored to competency once he arrived at hospitalization and but for the over 151 days the transportation Subsection Preempts these other provisions. It doesn't preempt honor is read in harmony, which is the requirement of statutory interpretation Harmony if a 1a for instance says any period of delay resulting from any proceeding Regarding the mental capacity of the defendant it seems to be a pretty broad inclusive term and You seem to be arguing. Well, there's a carve-out from that based on F Your honor I think every circuit to have considered the h1a particular issue with the exception of the Second Circuit has found that in fact h1f Does apply in harmony with h1a and for h1a it is when the defendant arrives at the examination Williams discusses that you know, all of the other circuits that have found that particular Question and have found that that is applicable and as I said our Interpretation of Tinklenburg is it at least assumes even without deciding that h1f applies in the context of what? the courts that have done that have said that somehow I mean that the logic has been that you did it that h1f becomes superfluous when you know if it's Essentially not applicable during those other excluded times that the Trouble though is it seems like h1f, you know isn't limited to transportation related to mental Competency or incompetency it's talking about transportation between districts. It's talking about transportation the hospitalization so it seems like You I mean I get the argument that for a sliver of It out means liver like it's you know insignificant number, but a portion of what? h1f Covers could be you know could be Essentially all set by other provisions or else but you know a lot of h1f wouldn't be affected at all Yeah, I think that that is true and I think that for the h1a context as we were discussing earlier for h1a that Like Williams discusses it Williams and no one and I believe that's how you pronounce it and then the Fifth Circuit your argument was that To interpret it as the district court has and as the government presents it That writes F out of the statute is that not the argument you're making you know We argue to I mean we argue several different arguments here I think that we argue that as and I we did say in the reply brief that you know statutory the principles of statutory construction include that this court has to look at the statute as a harmonious whole and In doing so that doesn't read h1f out of the inquiry and so what we are arguing is It's a very simple and easy application of the so tell me how it reads F out of the inquiry if Particular defendant broke his arm and so they have to transport him and there are delays related to that You don't have the situation that has been posed here where? He couldn't be tried He can certainly be tried if he has a broken arm and it would seem like in that Circumstance that that F could have application if there were unreasonable delays transporting him around so I'm not sure how I'm not sure. I understand your argument about why F becomes superfluous Your honor, I think I do think that the better argument is that it is read in a harmonious whole I do think that it's problematic if we read a statute that exclusively or that excludes Incompetent defendants it almost presents an equal protection problem in that an incompetent defendant is never permitted an Well, maybe maybe because there's a separate statute called 42 41 that has all kinds of protections for incompetent defendants But in fact, it doesn't your honor, and I think that don't worry. I'm gonna ask the government about that Yes, I'm sure and I think that that is our point. You know, I think if you look at United States I believe it's the United States versus Dellinger they talk about the fact that the only place an incompetent defendant can actually get relief or any kind of assistance with these Unconscionable and frankly incompetent delays on BOP's part is under the Speedy Trial Act because 42 41 does not provide a remedy I stand out of time. I mean, you've got some rebuttal time. So we'll hear from you then this would Good morning and may it please the court Julia would on behalf of the United States The district court properly denied. Mr. Minton's motion to dismiss the indictment Mr. Minton had been declared incompetent and remained incompetent for the entire four-month period During which he was waiting for a bed to open up at a suitable facility for treatment as your honors have noted Mr. Minton had a constitutional right not to be tried during this time and the Speedy Trial Act in recognition of that Constitutional right excludes all the time during which he was incompetent Mm-hmm Subsection h4 represents Congress's judgment that the statutory right to a speedy trial has to give way to the constitutional right not to be Tried well to make a difference if we change the facts a little bit here so Particular defendant is sent off at counsel's request or the court's Impetus for a mental evaluation And there are delays like we have here, but he's found perfectly safe Does that change anything I Don't think it does your honor and I'll explain why I think in that situation That delay would also be covered by subsection h1a For proceedings to determine mental competency and courts have found it, but it would take away that H4 right He's never found to be incompetent by anyone oh Yes, I'm sorry Right it would he would know we would not be under h4 there We would be under h1a or h1d potentially as the district court here found And our reading of Tinklenburg, which we think is the correct? reading is that when Any when a condition occurs that puts us under any of the exclusions that exclusion applies regardless of whether another exclusion apply at the same time Can I just? Okay, so I in my relatively short amount of time on this court have heard multiple 2241 delay claims from North Carolina And as I recall what the government says in all those cases the way 2241 works is they have a period to try to fix somebody right and the government's consistent position in those cases has been That clock does not start running until he gets to butler and Now I'm told that in the speedy trial act claim the government's view is the speedy trial act clock Stops running the instant that he's declared incompetent and look I'm inclined to think you might be right as a matter of the speedy trial Act but that puts even more pressure on I mean I guess I will just say I as a former lawyer with four clients who sometimes had to tell me things to my clients I Delays of getting people to butner is Categorically immune from scrutiny under 2241 the government keeps getting away with arguing that but I think this just underscores another problem because it I guess I'll just say it strikes me as highly untenable that a person who has been referred for competency can languish somewhere before they get a competency evaluation from months at a time and have no remedy under the speedy trial act or 2241 which appears to be the government's consistent position Yes, your honor, I understand the concern certainly We're not suggesting and we're not suggesting that a defendant in this situation where a delay became too long would have no remedy at all What does he do saying so he files a motion either under his sixth amendment constitutional right to a speedy trial or his fifth amendment? Due process right not to be subject to indefinite incarceration and so just be clear this so okay So the government's argument is the speedy trial act in 2241 authorized things that violate the Constitution Because the speedy trial act doesn't care about this and 2241 doesn't care about this he can bring a constitutional claim So that's just another way of saying these statutes authorized things that are unconstitutional I don't think they're I don't think they're authorizing something that's unconstitutional I think it may be an unintended consequence of the fact that neither of the statutes Speaks to this this very discreet period between when someone is declared incompetent But unfortunately, it's not a discreet period because I've now had multiple cases where people spend literally months doing this, right? I understand your honors concern But again I don't think that it falls under the speedy trial act because of that exclusion for when someone is incompetent because we're balancing These different constitutional rights. I don't I haven't looked at 4241 as closely, but my understanding is that courts do Hold that the time having haven't looked at those cases quite a lot My sense is that courts skip over the issue or assume there are actually striking I know that it is BOP's view that the clock does not stop running But it is actually quite few courts have actually addressed that specific question I think that this court and X held and that is unpublished But that the time runs from when someone arrives at that suitable facility So again, I do think it's kind of an unintended consequence of the readings of these statutes And I do think that those readings are supported by the language of the statute, but perhaps this is something that Congress Needs to look at but I don't think again that a defendant in this situation is left without a remedy and we had a case In our district Reeves which my friend actually cited in her reply brief where a defendant had been waiting for eight months and he filed a motion under the Fifth Amendment due process clause and Judge Bell who was actually the judge in this case actually did order him transported within 14 days and who was transported It's not a perfect solution, but it is You know There just isn't so in your view the solution in this case is that sometime during that hundred plus day period Mr. Minton Defendant's name. Mr. Minton should have filed a motion During that period of time That's correct, Your Honor and Judge Bell actually when he filed his first 42-41 motion while he was being treated Actually when he denied that motion, he said if he would have filed something You know, we could have remedied this at that time But he waited until he had already been transported and at that point the time had already passed We do believe that our reading is supported by the plain language of the statute the exclusion is broad it's unlimited We know from the limits in in Section F and other the joinder provision that Congress did know how to limit these provisions when it shows to And I do want to address briefly the argument that it would be mere surplus age under our reading There's actually a case which I found while I was preparing for argument United States versus Garrett out of the Seventh Circuit where a defendant was transported for a Was the transportation provision during some of those periods so the court applied that that exclusion to those periods of transportation Do you agree? There's no reason we need to reach the 22 delay issue in this case because it has no effect chance of affected the outcome I do I do. I think your your honors can decide it on the issue of h4 and h1f and I would just also note that every circuit that has considered this the Ninth Circuit and the Eleventh Circuit The Seventh Circuit has had a case on it, but the defendant actually didn't argue this issue But they've both Agreed with the government's interpretation, so there's the Ninth Circuit case Romero Yes, it is The Eleventh Circuit case is Pendleton and the Seventh Circuit case is Patterson so Mr.. Minton's interpretation would actually force this court to create a circuit split Well, we've we've certainly read your briefs. I think we understand your argument Yeah Is there anything else you want to add? No, I would just ask That this court affirmed the district courts decision. Thank you all right Miss Hoffman You have rebuttal time You know it's just very briefly. I don't think this will take my full time You know I do want to address And and provide some context to judge Hayden's question about 4241 and the interplay here And I think it's important to recognize that and when the speedy trial act was passed. It was 1974 that was two years after Jackson versus, Indiana Was issued by the United States Supreme Court saying that it was unconstitutional to indefinitely detain an incompetent defendant And I think the fact that Congress placed three separate applicable Provisions within the speedy trial act to incompetent defendants can't be overlooked by this court the fact remains that the Supreme Court said you cannot indefinitely hold a defendant and Congress took that and Interpreted it by applying these separate provisions that should protect against the exact type of delays that occurred in this case Your honor I would also know in this is just purely an informational question When was the this statute that contains 4241 enacted since if you're gonna run 84 your honor So how long is that after Jackson does about it was about 12 years and your honor? I think that in this particular instance you know in Reeves. I was actually the attorney in Reeves That argued to judge Bell and in fact we went to judge Bell and said judge we came to you in 40 in mr. Minton and we applied under 4241 you told us we were too late We're coming to you now under 4241 and we don't know what the remedy is and the remedy was to just order him moved after he had already languished for months and months on end and That cannot be the solution as you meant as judge Hayden's noted this creates additional Constitutional problems and it prevents Congress's intent in this particular instance of moving cases more quickly now I understand that in the context of competency that the idea of speedy trial in 70 days doesn't comport with the idea that it Incompetent defendant can't be tried at any point correct But it does also support the interpretation that an incompetent defendant can't sit there with no remedy Just because the Speedy Trial Act says that there's an incompetency provision exception there has to be meaning given to the Transportation section and in our interpretation of how that would work It's that when the defendant is waiting to be transported to examination or hospitalization Which comports with the language of the statute that time is it is a 10-day? Unreasonableness expectation and at the time that he arrives at the hospital That is when the speedy trial clock stops and we concede that point I would also note that the only case that I found in this court that has actually looked at this particular issue It was a case as your honors noted that it doesn't always apply to competency It can't apply to health issues But in this particular instance in the United States versus Howard and we noted this in our brief that One of the other cases cited it it said that under if I can find my actual quote here Consistent with this court's understanding of the exception that h4 applies time during which the accused was hospitalized That is the understanding of h4 in this court's own interpretation of the statute and so under that Argument your honors. We would say that our interpretation gives credence to each clause of the statute It makes sense under the meaning of the statute because it also recognizes that under in Jackson versus, Indiana That you cannot encomp you cannot hold an incompetent defendant indefinitely And it complies with each of the other Understandings of the statutory principles on how to read and give effect each clause of a statute rather than reading tension into them And so if your honors don't have any other questions, we would find that Mr. Minton's rights under the act were violated and to remand to the district court for dismissal. Thank you All right. Well, we thank counsel for argument and We're gonna come down and read counsel after the clerk adjourns court sunny day
judges: G. Steven Agee, A. Marvin Quattlebaum Jr., Toby J. Heytens